| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

CALVIN GARY WALKER, §
§
    Petitioner, §
§
*versus* § CIVIL ACTION NO. 1:25-CV-358
§
STATE OF TEXAS, §
§
    Respondent. §

### ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Calvin Gary Walker, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge. The magistrate judge recommends denying the Petition.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). Petitioner contends that the state court's factual findings are not entitled to deference because the trial court did not conduct an evidentiary hearing. Federal courts are required to give deference to a state court's adjudication of a claim on the merits. *Sandoval Mendoza v. Lumpkin*, 81 F.4th 461, 471-72 (5th Cir. 2023). A "full and fair

hearing is not a precondition" to giving deference to a state court's findings on federal habeas review. *Id*. at 472. Nor does deference require a live hearing in state court. *Hudson v. Quarterman*, 273 F. App'x 331, 335 (5th Cir. 2008). "[A] state habeas judge's findings may be entitled to deference even after a paper hearing when the same judge presided over both the trial and habeas proceedings." *Id*.

In this case, the trial judge, who presided over the trial and the state habeas proceedings, considered the records from Petitioner's state and federal prosecutions, affidavits, and news articles submitted by Petitioner. The trial court determined that it was not necessary to conduct a live, in-person evidentiary hearing because Petitioner had not met his burden of proving the State entered into a non-prosecution agreement with Petitioner. (ECF No. 3-4 at 8-10.) Petitioner has not demonstrated that the state court was required to conduct a live evidentiary hearing or that the state court findings are not due deference. After careful consideration, the court concludes Petitioner's objections are without merit.

In this case, Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires Petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, Petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court

could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *Slack*, 529 U.S. at 483-84. If the petition was denied on procedural grounds, Petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Id*. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of Petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that the procedural ruling was incorrect. Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

## ORDER

Accordingly, Petitioner's objections (#13) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the Report and Recommendation of the magistrate judge (#12) is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

SIGNED at Beaumont, Texas, this 2nd day of January, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE